**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALEXANDER KOVRAS,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
SF-0846-15-0334-I-1

DATE: May 4, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby R. Devadoss, Esquire, Dallas, Texas, for the appellant.

Captain Dennis Wu, El Segundo, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which affirmed the agency's decision denying the appellant's request to make a retroactive election of Nonappropriated Fund Instrumentalities (NAFI) retirement system coverage pursuant to 5 C.F.R. § 847.205. Generally, we grant petitions such as these only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        This appeal concerns the appellant's requests to retroactively elect NAFI retirement system coverage on the basis of his prior NAFI service with the Department of the Army (Army) and the agency.  The record reflects that, from November 24, 1988, to November 8, 1995, the appellant was employed in NAFI positions with the Army and participated in the Army NAFI retirement system. Initial Appeal File (IAF), Tab 5 at 121-22, 128, 130.  On December 5, 1995, the appellant requested a refund of his contributions to the Army NAFI retirement system.  *Id.* at 110.  From November 29, 1995, to November 12, 1998, the appellant was employed in an NAFI position with the agency and participated in the agency NAFI retirement system.  *Id.* at 63, 114-15, 117.  In November 1998, the appellant resigned from this agency NAFI position, effective November 12, 1998.  *Id*. at 63‑64.  On November 12, 1998, the appellant requested a refund of his contributions to the agency NAFI retirement system.  *Id.* at 66‑67.  On November 13, 1998, the appellant was appointed to an appropriated funds (APF)

position with the agency and was enrolled in the Federal Employees' Retirement System (FERS).  *Id.* at 61.  The appellant has remained in an APF position with the agency since his November 13, 1998 appointment.  IAF, Tab 12 at 19.  Currently, he is the Director of the Force Support Squadron at Edwards Air Force Base near Lancaster, California.  IAF, Tab 5 at 36.

¶3        In 2008, the appellant apparently requested verification of his NAFI service for purposes of using it to qualify for immediate civil service retirement.  IAF, Tab 6 at 16.  On August 20, 2008, the agency human resources division certified a form titled "Verification of [NAFI] Service pursuant to an Election to Credit NAF Service for Immediate Civil Service Retirement under Section 1132 of Public Law 107-107," verifying that the appellant had NAFI service with the agency from November 29, 1995, to November 12, 1998; that his retirement monies had been refunded; and that he was not eligible for an NAFI retirement benefit.  *Id.* at 15.  The agency refers to this document, which does not contain a notice of appeal rights, as its first reconsideration decision regarding the appellant's eligibility to make an election of retirement system coverage pursuant to 5 C.F.R. § 847.205.  *Id.*; IAF, Tab 14 at 5.

¶4        According to the agency, in 2014, the appellant sought to redeposit his withdrawn funds back into the NAFI retirement plan and to make a retroactive election of NAFI retirement system coverage.  IAF, Tab 14 at 5.  In response to his request to make a retroactive election, an agency retirement branch representative contacted the appellant on September 18, 2014, and explained that he was ineligible to make an election of retirement system coverage because he was not vested in the NAFI retirement system when he moved to his APF position in 1998.  *Id.*; IAF, Tab 12 at 17.  According to the agency, this September 18, 2014 notification constitutes the agency's second reconsideration decision pertaining to the appellant's eligibility to make an election of NAFI retirement system coverage pursuant to 5 C.F.R. § 847.205.  IAF, Tab 14 at 5-6.  While the agency submitted a screenshot of a "discussion thread" memorializing the

September 18, 2014 conversation, there is no indication that any written second reconsideration decision regarding his eligibility to make an election was issued to the appellant. IAF, Tab 12 at 17; *see* IAF, Tab 14 at 5‑6.

¶5 In response to the appellant's request to redeposit his agency NAFI retirement plan contributions, a retirement branch representative responded by email on April 17, 2014, explaining that the agency's records showed that the appellant had elected to receive a refund of his NAFI retirement plan contributions, with interest, on November 12, 1998, and that there was no further benefit payable to him under the agency NAFI retirement plan. IAF, Tab 5 at 55; *see* IAF, Tab 14 at 5. The representative further advised that the agency retirement plan did not allow for rescinding elections. IAF, Tab 5 at 55. The appellant responded that he withdrew his NAFI retirement fund contributions in 1998 because the human resources office (HRO) incorrectly told him that he was not vested and could not transfer the funds. *Id.* at 54. The appellant explained that he wanted to pay back his withdrawn contributions from the Army and agency NAFI retirement accounts so that he could claim it for retirement when he turned 60. *Id.* Another agency representative responded that, on the basis of the available documentation on file, the decision to deny the appellant's request was correct. *Id.*

¶6 The appellant requested review of the denial from the Air Force Services Agency (AFSVA) commander. *Id.* at 49-50. He explained that he had requested refunds of his NAFI retirement contributions from the Army in 1998 because Army personnel incorrectly informed him that he could not transfer his Army NAFI retirement plan contributions to the agency NAFI retirement system. *Id.* at 50. He further explained that he withdrew his agency NAFI retirement contributions in 1998 because agency HRO personnel incorrectly informed him that he was not vested in the agency NAFI retirement plan and that he had to withdraw his contributions. *Id.* In an undated decision, the AFSVA commander denied the appellant's request to redeposit his withdrawn contributions because

the agency NAFI retirement plan did not allow NAFI employees to redeposit withdrawn contributions once they elected to receive a refund of the contributions with interest. *Id.* at 47. The agency states that this undated memorandum was signed on September 4, 2014. *Id.* at 11 n.1, 43, 47.

¶7 On October 15, 2014, a Civilian Personnel Officer submitted a memorandum to the AFSVA commander on behalf of the appellant requesting review of the September 4, 2014 decision denying the appellant's request to redeposit his withdrawn contributions and restore his agency NAFI retirement plan. *Id.* at 30, 39-41. According to the memorandum, at the time the appellant resigned from his agency NAFI position to accept an agency APF position, he qualified for portability of pay and benefits under the Portability of Benefits for Nonappropriated Fund Employees Act of 1990, P. L. No. 101-508 (the Portability Act). *Id.* at 39. The memorandum explained, however, that the appellant was not properly briefed by the agency HRO regarding his portability eligibility and that his resignation was not processed correctly. *Id.* at 39‑40. Thus, the memorandum asserted that the agency failed to comply with the Portability Act and deprived the appellant of his opportunity to elect to remain in the agency's NAFI retirement plan when he transferred to the APF position. *Id.* The memorandum concluded that the appellant's 7 years of Army NAFI retirement plan participation should have been credited towards his agency NAFI retirement plan, allowing him to vest in the agency NAFI retirement plan and making him eligible to elect to remain in the plan when he transferred to APF employment in 1998. *Id.* at 40. The memorandum recommended that, due to the HRO's processing errors and misinformation, the agency could allow the appellant to retroactively elect to remain in the agency NAFI retirement plan and redeposit his withdrawn contributions. *Id.* at 41.

¶8 In a January 15, 2015 decision, the AFSVA commander affirmed the prior decision denying the appellant's request to redeposit his withdrawn contributions into the agency NAFI retirement plan. *Id.* at 33-34. The commander explained

that there was no evidence of any harmful processing errors or misinformation by the agency HRO that would justify allowing the appellant to redeposit 3 years of agency NAFI retirement plan contributions or 7 years of Army NAFI retirement plan contributions. *Id.* The commander also found that the agency's decision not to offer the appellant the portability option in connection with his November 13, 1998 resignation was correct and appropriate because, when the appellant enrolled in the agency NAFI retirement system plan, he indicated that he had less than 1 year of prior NAFI service and retirement plan participation. *Id.* at 33; *see id.* at 114. The agency refers to this decision as the agency's second reconsideration decision regarding the appellant's request to redeposit withdrawn contributions and clarifies that it *does not* constitute a reconsideration decision of the appellant's request to make an election of NAFI retirement system coverage pursuant to 5 C.F.R. § 847.205. IAF, Tab 14 at 4.

¶9      The appellant filed a Board appeal on February 17, 2015, challenging the agency's decision denying his right to retroactively elect NAFI retirement system coverage and requesting a hearing. IAF, Tab 1 at 2, 4. The appellant argued that the agency had violated the Portability Act and Office of Personnel Management guidance when it failed to offer him the opportunity to elect continued NAFI retirement system coverage in 1998 when he transferred to APF employment. *Id.* at 4; IAF, Tab 3 at 3-4. After holding a telephonic hearing, the administrative judge issued an initial decision finding good cause to excuse any filing delay on the appellant's part because the agency failed to include a notice of Board appeal rights with any of its decisions, the appellant was pro se, and the appellant pursued the matter with due diligence once the agency issued its 2014 decisions. IAF, Tab 19, Initial Decision (ID) at 6. The administrative judge found that the appellant had failed to show that the Board had jurisdiction to consider his arguments that the Army improperly allowed him to withdraw his Army NAFI retirement plan contributions in 1995 or to review his transition from one NAFI program to another. ID at 7. The administrative judge further found that the

Board lacked jurisdiction to review the appellant's argument that the agency improperly allowed him to withdraw his agency NAFI retirement plan contributions in 1998. ID at 7‑8. The administrative judge found jurisdiction to review the agency's decision denying the appellant's request to retroactively elect NAFI retirement system coverage pursuant to 5 C.F.R. § 847.205, but agreed with the agency that, when the appellant transferred from his agency NAFI position to the agency APF position in 1998, he was not eligible to elect to continue NAFI retirement system coverage because he had only 3 of the required 5 years of qualifying service and was not vested in the NAFI retirement plan.[2] ID at 8‑10.

¶10      The appellant filed a petition for review of the initial decision, the agency filed a cross petition for review, and the appellant submitted a response to the agency's cross petition for review. Petition for Review (PFR) File, Tabs 3, 8, 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶11      On review, the appellant asserts that the "sole issue in this case is whether the [administrative judge] erred in denying the appellant's request for retroactive election of NAF retirement rights." PFR File, Tab 3 at 9. Specifically, he argues that the administrative judge erred in finding that he had only 3 years of qualifying service for purposes of vesting in the agency NAFI retirement plan. *Id.* at 9-15. The agency argues that the administrative judge correctly found that the appellant was not eligible to elect NAFI retirement system coverage because he was not vested in the agency NAFI retirement system when he transferred from the agency NAFI to APF position in November 1998. PFR File, Tab 8 at 10−16. In its cross petition for review, the agency argues that the

---

[2] The administrative judge found the appellant's period of service from November 29, 1995, through November 12, 1998, to constitute qualifying service. ID at 9‑10. The initial decision thus gave the appellant the benefit of the doubt in considering whether he was eligible to elect to continue NAFI retirement coverage on the date of his resignation, November 12, 1998, before he elected to withdraw his agency NAFI contributions. *Id.*; IAF, Tab 5 at 63‑64, 66.

administrative judge should have dismissed the appeal as barred by the doctrine of laches. *Id.* at 17‑18.

The appellant's petition for review is denied.

¶12    An employee who completes a qualifying move from an NAFI position to a Civil Service Retirement System- or FERS-covered position may elect to continue coverage under the NAFI retirement system.  5 C.F.R. § 847.205(a).  The agency is responsible for notifying its employees of the opportunity to make an election under part 847 and for determining if an employee who wishes to make an election to continue NAFI retirement coverage is qualified to do so.  *See* 5 C.F.R. § 847.105; *Regdon v. Department of the Army*, 117 M.S.P.R. 348, ¶ 6 (2012).  If the agency determines that an employee is not eligible to make an election to continue NAFI retirement system coverage, it is required to issue a final written decision setting forth its findings and conclusions and providing notice of the appellant's right to request an appeal.  5 C.F.R. § 847.106(a)-(b).[3]  The time limits for making an election to continue NAFI retirement system coverage may be waived under certain circumstances, including a lack of notice or counseling. *See Regdon*, 117 M.S.P.R. 348, ¶ 6; 5 C.F.R. § 847.206(b).  The agency's final decision regarding the employee's eligibility to make an election is appealable to the Board.  5 C.F.R. §§ 847.106, 847.107.

¶13    As the administrative judge correctly determined, the Board has jurisdiction to review the agency's final decision pertaining to the appellant's eligibility to retroactively elect continued NAFI retirement system coverage pursuant to 5 C.F.R. § 847.205.  ID at 9.  Although the appellant transferred from his agency NAFI position to an agency APF position in 1998, there is no indication in the record that the agency determined his eligibility to elect to continue coverage under the NAFI retirement system at that time.  Rather, the agency

---

[3] The regulations in place in 1998 were essentially identical to the current regulations. *See* 61 Fed. Reg. 41714-01 (Aug. 9, 1996).

appears to have notified the appellant that he was ineligible for an NAFI retirement benefit for the first time in 2008 and again, by telephone, on September 18, 2014.[4]    IAF, Tab 6 at 15-16, Tab 12 at 17, Tab 14 at 5-6. Importantly, neither of these agency decisions contains notice of the appellant's Board appeal rights or the time limits for filing such an appeal as required by section 847.106(a)-(b).   IAF, Tab 6 at 15‒16, Tab 12 at 17.   Accordingly, we agree with the administrative judge that the appellant has shown good cause to excuse any untimeliness in bringing this appeal because the agency failed to notify him of his potential Board appeal rights, he was pro se, and he showed due diligence by continuing to pursue this matter with the agency once it issued the 2014 decisions.  ID at 6; IAF, Tab 5 at 33‒34, 47, Tab 12 at 17.

¶14      An employee who, like the appellant, moved from an NAFI position to a FERS-covered position between August 10, 1996, and December 28, 2001, is eligible to elect to continue coverage under an NAFI retirement system only if, among other requirements, he was a vested participant in the NAFI retirement system prior to the move to the FERS-covered position.   *See* 5 C.F.R. § 847.202(d).   The term "vested participant" is defined by the NAFI retirement system in place at that time.  *Id.*  Pursuant to the agency NAFI retirement plan in place on November 12, 1998, an agency NAFI employee becomes vested after 5 years of "credited service."   IAF, Tab 5 at 98.   "Credited service" includes service during which an employee made contributions under the plan, as long as he did not subsequently withdraw those contributions.  *Id.* at 76.

---

[4]  The January 15, 2015 "second reconsideration decision" and September 4, 2014 decision pertain mainly to the appellant's requests to redeposit his withdrawn NAFI retirement contributions, with interest, on the grounds that the Army and agency HROs gave the appellant misinformation regarding his retirement options and deprived him of the right to elect to continue NAFI retirement system coverage in 1995 and 1998.  IAF, Tab 5 at 11 n.1, 33-34, 47; *see* IAF, Tab 14 at 4-6.  As discussed below, we agree with the administrative judge that the Board lacks jurisdiction to review these allegations.

¶15     The administrative judge found that the appellant was not a vested participant in the agency NAFI retirement system when he transferred to his APF position and, therefore, that the agency properly denied his request to make a retroactive election to continue NAFI retirement system coverage pursuant to section 847.205.   ID at 9-10.   The administrative judge explained that the appellant had approximately 3 years of total agency NAFI service, which failed to satisfy the 5-year credited service requirement to have vested rights under the agency NAFI retirement system in effect in November 1998.   ID at 10-11.   The administrative judge rejected the appellant's argument that he was vested in the agency NAFI retirement plan in 1998 on the basis of his combined Army NAFI retirement plan participation (7 years) and agency NAFI retirement plan participation (3 years) because it was undisputed that the appellant withdrew all of his Army NAFI retirement contributions in December 1995.   ID at 9.

¶16     On review, the appellant challenges the administrative judge's finding that he was not vested in the agency NAFI retirement system in 1998 and argues that the administrative judge relied on "conflicting logic" in finding that he had 3 years of credited service, rather than 0 or 10 years, because he withdrew his NAFI retirement contributions both in 1995 and 1998.   PFR File, Tab 3 at 9-19. We find no merit to the appellant's argument.   As noted above, if an NAFI employee subsequently withdraws his NAFI retirement plan contributions, his participation in that NAFI retirement plan no longer counts towards "credited service" for purposes of vesting in the plan.   IAF, Tab 5 at 76.   The administrative judge is correct that the appellant had, at most, 3 years of credited service towards vesting in the agency NAFI retirement system on the date he resigned from his agency NAFI position.   IAF, Tab 5 at 63-64, 76.   Once the appellant requested to withdraw his agency NAFI retirement plan contributions, however, he no longer had any credited service in the agency NAFI retirement plan.   *Id.* at 66, 76.   Likewise, because the appellant withdrew his Army NAFI retirement contributions in 1995, he had no credited service towards vesting in

the Army NAFI retirement plan. *Id.* at 76, 110. In any event, the administrative judge correctly determined that the appellant was not vested in the agency NAFI retirement plan and was not eligible to make an election to continue coverage under the plan when he transferred to APF employment in November 1998. ID at 9-10; *see* IAF, Tab 5 at 76, 98; *see also* 5 C.F.R. § 847.202(d).

¶17        The appellant next argues that the administrative judge failed to consider and afford appropriate weight to his arguments that the Army HRO incorrectly advised him regarding his retirement plan options in 1995, that this misinformation rendered his decision to withdraw his retirement contributions involuntary, and that, but for this misinformation, the appellant would not have withdrawn his contributions and would have had 10 years of credited service and would have been vested in the agency NAFI retirement plan in 1998. PFR File, Tab 3 at 16‑19. As the administrative judge correctly explained, however, the Board lacks jurisdiction to review the appellant's transition from one NAFI program to another or to consider whether the Army or the agency improperly allowed the appellant to withdraw his NAFI retirement system contributions. ID at 9-10. Moreover, even if it is true that the Army or agency personnel gave the appellant incorrect information regarding his ability to continue his NAFI retirement system coverage in 1995 or 1998, such facts would not establish his entitlement to retroactively elect to continue NAFI retirement system coverage pursuant to section 847.205. The Supreme Court has made clear that the United States cannot be estopped from denying monetary benefits not otherwise permitted by law, even if the claimant was denied those benefits due to reliance on mistaken advice given by a Government official. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 424 (1990).

¶18        The appellant additionally argues that the administrative judge failed to address the Board's jurisdiction over his Army NAFI "issues" from 1988 to 1994 and failed to "fully review the record in its totality," which would have revealed that there are conflicting documents in the record, that the agency failed to

properly assess the appellant's case, and that the agency's final decision was based on a "limited understanding of the appellant's case." PFR File, Tab 3 at 20‑28. We have considered these arguments, but find that they do establish any basis to disturb the initial decision. For the reasons stated above, we agree with the administrative judge that the agency properly denied the appellant's request to make a retroactive election for NAFI retirement system coverage pursuant to 5 C.F.R. § 847.205 and that the Board lacks jurisdiction over his remaining claims.

The agency's cross petition for review is denied.

¶19    In its cross petition for review, the agency argues that this appeal should have been dismissed as barred by the doctrine of laches because the appellant failed to diligently pursue the matter for 16 years and the delay is prejudicial to the agency's ability to defend itself against the appellant's "bad advice" claims. PFR File, Tab 8 at 17-19. The appellant did not submit a substantive response to this argument. PFR File, Tab 10 at 5‑6.

¶20    The equitable defense of laches bars an appeal when an unreasonable delay in bringing the appeal has prejudiced the agency. *See Pueschel v. Department of Transportation*, 113 M.S.P.R. 422, ¶ 6 (2010). The party asserting laches must prove both unreasonable delay and prejudice. *Id.* Under laches, the mere fact that time has elapsed from the date a cause of action first accrued is not sufficient to bar suit; rather, the delay must be unreasonable and unexcused. *Cornetta v. United States*, 851 F.2d 1372, 1377-78 (Fed. Cir. 1988) (en banc). One type of prejudice that may stem from delay in filing suit is "evidentiary" or "defense" prejudice, which arises when a defendant is unable to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the Board's ability to judge the facts. *See A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992) (en banc).

¶21       Here, we find that the agency has failed to establish that the 16-year delay prejudiced the agency from mounting a full and fair defense on the merits because the appellant's arguments that the agency or Army personnel provided him "bad advice" are irrelevant to the disposition of this appeal.  As explained above, the United States cannot be estopped from denying monetary benefits not otherwise permitted by law, even if the claimant was denied those benefits due to reliance on mistaken advice given by a government official.  *Richmond*, 496 U.S. at 424.  Therefore, we deny the agency's cross petition for review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.